**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal Action No. 1:04-cr-103** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **LIDIA REYES,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Lidia Reyes' motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 848.) Petitioner seeks to vacate her sentence on the grounds that she was assured, in accepting her plea agreement, that the longest sentence she would receive would be 60 months imprisonment, when in fact, she was sentenced to 135 months. Because the statute of limitations for 28 U.S.C. § 2255 has expired and her motion is clearly precluded by facts on the record, Petitioner's motion to vacate will be denied without a hearing.

**I.     BACKGROUND**

Petitioner Reyes was arrested in Harrisburg, Pennsylvania in connection with a heroin ring conspiracy. (Doc. Nos. 515-1; 515-2.) Pursuant to a written plea agreement, a guilty plea was entered on November 15, 2004 to a one-count information charging Petitioner with conspiracy to distribute 100 or more grams of heroin; all other counts were dismissed. (Doc. Nos. 518, 519.) On March 14, 2005, Petitioner was sentenced to 135 months in prison. (Doc. No. 652.)

The plea agreement states the statutory minimum sentence as 5 years, or 60 months. It states, incorrectly, the maximum sentence as 20 years. At the sentencing hearing, it was discovered that the maximum sentence for possession with intent to distribute more than 100 grams of heroin is 40 years. (Doc. No. 858-2.) Reyes was advised of this and given time to

discuss the issue with counsel during the sentencing hearing. (Id.) Further, the Court conducted a thorough Rule 11 colloquy to confirm the plea agreement, paying particular attention to the sentencing aspect of the case and emphasizing that the agreement did not bind the Court. (Id.)

By order dated February 28, 2006, the Third Circuit Court of Appeals held that the sentence was appropriate in that it was at the lower end of the range indicated by the sentencing guidelines, considering a two-level reduction. (Doc. No. 755.) Now, Petitioner argues that, despite the plea colloquy explaining that 60 months was the statutory minimum penalty and 40 years was the maximum, she was assured that she would not be sentenced to more than 60 months.

## II.     DISCUSSION

### 1. Statute of Limitations

A motion to vacate, set aside or correct a sentence is subject to a one-year statute of limitations running from the latest of four specified dates. Of the four dates, the only one relevant in this case is the first: "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For federal criminal defendants who do not file a petition for certiorari with the Supreme Court on direct review, section 2255's one year limitation period begins to run when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). A petition for certiorari generally must be filed within 90 days after the date of the judgment or order sought to be reviewed. Sup. Ct. Rule 13. On February 28, 2006, the Third Circuit issued a judgment affirming Petitioner's sentence. (Doc.

No. 755.) Ninety days from the date of that order results in the statute of limitations period beginning to run on May 28, 2006. The instant motion was not filed until December 7, 2007, roughly six months beyond the time the statute of limitations allows. Accordingly, Petitioner's section 2255 motion is time-barred.

**2. Merits**

In addition to her failure to file within the prescribed statute of limitations, the Court finds that petitioner's claim fails on the merits, as well. An evidentiary hearing is not required if the motion and record conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255; United States v. Booth, 432 F.3d 542 (3d Cir. 2005). Such is the case here.

The transcript of the change of plea proceedings from November 15, 2004, demonstrates a clear explanation to petitioner that the minimum sentence for her plea was 60 months, but that despite her guilty plea, there was no promise that the Court would entertain all of the Government's recommendations or award her the minimum sentence. (Doc. No. 858-2, 8.)  After hearing a summary of the plea agreement, the Court confirmed that the Petitioner had signed the document willingly. (Id.) The Court further ensured that Petitioner understood the meaning of the plea agreement:

> "Q. Has anybody promised you what your sentence would be in this case?
> A. What was that?
> Q. Has anyone promised you what your sentence would be here?
> A. No."

Id. at 10.

Next, when asked if she understood the way the Federal Sentencing Guidelines would apply to her case, Petitioner stated, "I don't know nothing about court. This is all new to me." (Id.).  The Court then explained, in pertinent part:

"That's okay. . . . There's a maximum penalty that applies in your case. . . . that single offense to which you're pleading has a maximum penalty of 20 years in prison, a fine of $1 million, followed by – your imprisonment would be followed by supervised release of up to three years. . . . So that's the maximum penalty, that's the most you could ever get by entering a guilty plea this morning.

But the sentencing guidelines will apply to your case, and what will happen is this, there will be a calculation of a range of months, usually it's 24 months, within which, in most cases, I'd be required to sentence you. So even though that's the maximum penalty, 20 years, the guidelines might call for you to get less than 20 years, and probably you and Mr. West are hopeful that that would be the case. The guidelines might say that you would get eight to ten years or twelve to fourteen years or sixteen to eighteen years.
. . .
Now, the Government is saying that in your case, they may ask that I sentence you below the guideline range.  If they make that request of me, I don't know today whether or not I would grant it, and I don't know . . . how much below the guideline range I would be willing to go.

So there are a lot of uncertainties about your case right now. That's why I say the agreement you have is with the Government and not the Court. They're going to make recommendations, and you pretty much know what those recommendations are, but we don't know whether I would accept the recommendations. . . .

So right now, nobody knows what the guideline range is. That's why I tell you that when you enter a guilty plea, you agree that you're subjecting yourself to any lawful sentence the Court might impose, including the maximum penalty.

. . . My guess is that Mr. West, who is very experienced in the guidelines, has told you what he thinks the guideline range would be in your case, but he can't know for sure. No one can know for sure. Do you understand all of that?

A. Yes.

Q. Do you have any questions about any of that from Mr. West or for me?

A. No."

(Id. 10-13.)

The change of plea transcript, then, clearly demonstrates that Petitioner stated she

understood that her sentence was not predetermined and that it may be as little as five years or as

much as the maximum sentence for her conviction. Shortly after this thorough explanation,

4

however, the Government realized that Petitioner's maximum sentence was, in fact, 40 years, not the 20 years stated in the plea agreement. (<u>Id</u> at 14-15.) Recess was taken at this point precisely so that Petitioner counsel could "make sure she understands that the penalty is up to 40 years." (<u>Id</u>. at 16.) If anything, the extensive discussion of the maximum sentence during her change of plea hearing should have reinforced the notion that Petitioner might receive a sentence higher than the statutory minimum.

Petitioner chose to continue with the plea agreement in light of the 40 year maximum penalty. This was followed by a discussion of the possible effect of <u>Blakely v. Washington</u>, which was pending before the Supreme Court at that time, and yet another recitation that the guilty plea did not promise Petitioner a particular sentence.

> "So all that being said, the most important thing is nobody knows what your sentence will be. At this point, we don't even know what the guideline range will be, so we couldn't possibly know your sentence. . . . So the bottom line is always the same, nobody knows what your sentence will be, and when you enter a guilty plea, you subject yourself to that maximum lawful penalty. Now we know that the maximum is 40 years. Okay?
> Q. Any more questions for me or for Mr. West about any of this?
> A. No.
> Q. Are you sure?
> A. Positive."

(<u>Id</u>. at 26-27.)

Based upon the record, which shows extensive explanation to Petitioner and numerous affirmations that she understood that she was not guaranteed any length of sentence, the Court finds that Petitioner's sentence should not be vacated.

## III.   CONCLUSION

Because the statute of limitations period has run on Petitioner's section 2255 motion to vacate sentence (Doc. No. 848) and she is not entitled to an evidentiary hearing on the merits because the record amply illustrates that the sentence should not be reduced or vacated, Petitioner's motion is denied. For the foregoing reasons, any appeal would be frivolous.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal Action No. 1:04-cr-103** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **LIDIA REYES,** | : | |
| **Defendant** | : | |

### ORDER

**AND NOW**, on this 24th day of November, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Lidia Reyes' motion to vacate filed pursuant to 28 U.S.C. § 2255 (Doc. No. 848) is **DENIED**. There exists no basis for a Certificate of Appealability in conjunction with this order.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania